UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:21-cv-80758-DMM

PNC Bank, N.A.,

    Plaintiff,

vs.

LILIA BELKOVA, Individually, and
LILIA BELKOVA, as Successor Trustee of
the Land Trust Agreement No. 072002
Dated February 9, 2004, et al.,

    Defendants.
_____/

## MOTION TO DISMISS SECOND AMENDED COMPLAINT [DE 16]

Defendants, Lilia Belkov, Individually and Lilia Belkova, as Successor Trustee of the Land Trust Agreement No. 072002 Dated February 9, 2004 (collectively, the "Defendants"), by and through their undersigned counsel and pursuant to Fed.R.Civ.P. 8 and 12(b)(6), file this Motion to Dismiss Second Amended Complaint [DE 16], as follows:

**A.   Second Amended Complaint Fails to Allege the Requirements for Diversity Jurisdiction**

1. The Supreme Court has held that, for the purposes of diversity jurisdiction, a national bank is a citizen of the state "designated in its articles of association as its ***main office***," and is not a citizen of each state in which the bank has established branch operations. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 313, 318, 126 S. Ct. 941, 948, 951-52, 163 L. Ed. 2d 797 (2006) (emphasis added).

2.      In the case of *Orton v. Mathews*, 572 Fed. Appx. 830, 831-832, 2014 U.S. App. LEXIS 13983, *3-4 (11th Cir. July 21, 2014), the Eleventh Circuit found that the district court properly exercised subject matter jurisdiction over the lawsuit where:

> Bank of America asserted that the state designated as its **main office** in its articles of association was North Carolina. It also alleged that Orton was a citizen of Alabama and Mathews was a citizen of Florida. Orton has not disputed these allegations, and there does not appear to be any information in the record that challenges these allegations.

*Id.* (emphasis added); *see also Kearney v. Valley Nat'l Bank*, 2021 U.S. Dist. LEXIS 89593, *2 (M.D. Fla. May 11, 2021) ("for purposes of diversity jurisdiction, a national bank is a citizen of the state 'designated in its articles of association as its **main office**,' and is not a citizen of each state in which the bank has established branch operations."); *Jenkins v. Bank of Am.*, 2017 U.S. Dist. LEXIS 228325, *6 (N.D. Ga. June 27, 2017) ("Diversity jurisdiction exists here. As stated in the R&R and following Schmidt, BANA, a national banking association, is a citizen of North Carolina, as its articles of association designates North Carolina as the location of its **main office**").

3.      However, in this case, in paragraph 3 of the Second Amended Complaint, PNC alleges:

> [It] is a national bank chartered under the laws of the United States, with its **home office**, as set forth in its Articles of Association, located in the State of Delaware. Accordingly, for diversity purposes, Plaintiff is a citizen of the State of Delaware.

(emphasis added);

4.      As such, the Second Amended Complaint should be dismissed because it fails to properly allege diversity of citizenship due to its failure to allege the location of PNC's main office as required by *Schmidt*.

5.      This Court has given Plaintiff ample opportunity to properly allege whether diversity of citizenship exists. Specifically, in its Order Dismissing Complaint [DE 8], the Court

states that because the original complaint [DE 1] failed to "allege the facts necessary to plead diversity."

6.     Plaintiff then filed its First Amended Complaint [DE 9], which contains identical language in paragraph 3 of the Second Amended Complaint and fails to set fort the location of PNC's main office.

7.     PNC has had three (3) bites at the apple and dismissal of the Second Amended Complaint with prejudice is therefore proper.

**B.     Second Amended Complaint is a Shotgun Pleading**

8.     Shotgun complaints are disfavored in the Eleventh Circuit, which has upheld dismissal of such complaints.

9.     Shotgun pleadings are characterized by: (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act. *Weiland v. Palm Beach Cty. Sheriff's Ofc.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

10.    Courts in the Eleventh Circuit have little tolerance for shotgun pleadings. *See generally Davis v. Coca Cola Bottling Co. Consol.*, 516 F.3d 955, 979–80 & n.54 (11th Cir. 2008) (collecting numerous cases), abrogated on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). They waste scarce judicial resources, "inexorably broaden[ ] the scope of discovery," "wreak havoc on appellate court dockets," and "undermine[ ] the public's respect for the courts." Id. at 981–83 (detailing the "unacceptable consequences of shotgun pleading").

11. A district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss a complaint on shotgun pleading grounds. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing *Weiland*, 792 F.3d at 1320).

**WHEREFORE**, Defendants respectfully requests the entry of an order dismissing the Second Amended Complaint with prejudice and providing for such other relief as the Court deems just and proper.

Dated: September 7, 2021    Respectfully Submitted,

**LAW OFFICE OF MARK S. ROHER, P.A.**
*Counsel for Defendants*
1806 N. Flamingo Road, Suite 300
Plantation, Florida 33324
Email: mroher@markroherlaw.com
Telephone: (954) 353-2200
Facsimile: (877) 654-0090

By: */s/ Mark S. Roher*
    Mark S. Roher
    Florida Bar No. 178098

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of September, 2021 a true and correct copy of the foregoing was served by CM/ECF on all parties receiving notice by this method listed below.

/s/ *Mark S. Roher*
Mark S. Roher

Kimberly Held Israel    kisrael@mcglinchey.com, lwhite@mcglinchey.com

Steven Robert Braten    srblaw2012@gmail.com, sbraten@gadclaw.com, sbraten@myassociationattorney.com

William L. Grimsley    wgrimsley@mcglinchey.com, lwhite@mcglinchey.com