UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-80758-CV-MIDDLEBROOKS/Brannon

PNC BANK, NATIONAL ASSOCIATION,

    Plaintiff,

v.

LILIA BELKOVA, *et al.*,

    Defendants.
_____/

### ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S REQUEST FOR SANCTIONS

THIS CAUSE comes before the Court on Defendants' Lilia Belkova and Lilia Belkova, as Successor Trustee of the Land Trust Agreement No. 072002's ("Belkova Defendants") Motion to Dismiss the Second Amended Complaint, filed on September 7, 2021. (DE 42). On September 8, 2021, after the deadline to file a responsive pleading had expired, Defendants also filed a Supplement to their Motion to Dismiss the Second Amended Complaint. (DE 43). Plaintiff responded in opposition and requested sanctions against the Belkova Defendants and their former counsel, Mark Roher. (DE 51). Defendants' former counsel responded in opposition to Plaintiff's request for sanctions (DE 54) and the Belkova Defendants joined his response (DE 55). For the reasons explained below, Defendants' Motion to Dismiss (DE 42) and Plaintiff's embedded request for sanctions (DE 51) are both denied.

Plaintiff initiated this foreclosure action on April 23, 2021. (DE 1). Defendants all have some interest in the property to be foreclosed. (*Id.* at ¶¶ 4–16). On May 28, 2021, Plaintiff filed an Amended Complaint (DE 9), and on June 7, 2021, Plaintiff filed a Second Amended Complaint (DE 16) curing jurisdictional defects in its earlier complaints.

Defendants identify two deficiencies with Plaintiff's Second Amended Complaint that they argue warrant dismissal. (DE 42). First, they allege that Plaintiff has failed to properly invoke this Court's subject matter jurisdiction. (*Id.* at ¶ 3). Second, they suggest that the Second Amended Complaint is an impermissible shotgun pleading. (*Id.* at ¶¶ 8–11). In their untimely Supplement to their Motion to Dismiss the Second Amended Complaint, Defendants make two additional arguments that attack the merits of Plaintiff's underlying case. (DE 43). I have carefully examined the Second Amended Complaint, the Parties' written submissions, and applicable law. Defendants' arguments in support of dismissal, which are not supported by the case law Defendants cite, are either misguided or lacking substantive merit and none warrants any discussion or analysis here.

However, while Defendants' arguments lack merit, I am not persuaded that they warrant sanctions against either Defendants or their former counsel. Plaintiff argues that Defendants and their former counsel should be sanctioned pursuant to 28 U.S.C. § 1927, which provides that "[a]ny attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Plaintiff contends that "the frivolous nature" of the arguments in Defendants' motions to dismiss (DE 36; DE 42; DE 43) and "Ms. Belkova's efforts to evade service . . . lead to a strong inference that the Motion to Dismiss the Second Amended Complaint was filed in bad faith for the purpose of delay and to increase Plaintiff's litigation costs." (DE 51 at ¶ 47).

District courts have the inherent power "to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Purchasing Power, LLC. v. Bluestem Brands, Inc.*, 851 F.2d 1218, 1223 (11th Cir. 2016) (internal citations omitted). However, "recklessness alone does not constitute conduct tantamount to bad faith." (*Id.*). Moreover, "[s]omething more

than a lack of merit is required for § 1927 sanctions or they would be due in every case." *McMahan v. Toto*, 256 F.3d 1120, 1129 (11th Cir. 2001).

I am not persuaded that Defendants or Defendants' counsel have acted in bad faith. *See Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1320 (11th Cir. 2002) ("[B]efore a court can impose sanctions against a lawyer under its inherent power, it must find that the lawyer's conduct constituted or was tantamount to bad faith."). Defendants' former counsel represents that "he had hoped that the Court would authorize his withdrawal prior to the September 7, 2021 deadline for the Belkova Defendants to respond to the Second Complaint." (DE 54 at ¶ 17). It appears that, when Defendants' former counsel realized that the Court may not do so, he hastily rushed to file his Motion to Dismiss the Second Amended Complaint to avoid risking a default judgment against his clients. As Defendants' former counsel concedes, waiting in the hopes that the Court would rule on his Motion to Withdraw (DE 40; DE 41) prior to the response deadline, and, as a result, filing a motion to dismiss that was seriously lacking, was a poor judgment call. (*Id.*). But Plaintiff has not pointed to any evidence to convince me that this conduct rises to the level of bad faith.

Accordingly, it is **ORDERED AND ADJUDGED** that

(1) Defendants' Motion to Dismiss (DE 42) is **DENIED**.
(2) Plaintiff's request for sanctions embedded in its Response to Defendants' Motion to Dismiss (DE 51) is **DENIED**.

**SIGNED** in Chambers, at West Palm Beach, Florida this 28th day of October, 2021.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record