UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-80758-CV-MIDDLEBROOKS/Brannon

PNC BANK, NATIONAL ASSOCIATION,

    Plaintiff,

v.

LILIA BELKOVA, *et al.*,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF JUDICIAL DEFAULT

THIS CAUSE comes before the Court on Plaintiff's Motion for Entry of Judicial Default Against Defendants Lilia Belkova, individually, and Lilia Belkova, as successor trustee of the Land Trust Agreement No. 072003 (the "Belkova Defendants"), filed on November 16, 2021. (DE 70). Plaintiff initiated this foreclosure action on April 23, 2021. (DE 1). On June 7, 2021, Plaintiff filed a Second Amended Complaint. (DE 16). On September 7, 2021—the deadline for the Belkova Defendants to respond to Plaintiff's Second Amended Complaint—the Belkova Defendants filed a Motion to Dismiss. (DE 42). I denied the Belkova Defendants' Motion to Dismiss on October 28, 2021, and, as a result, the Belkova Defendants had until November 12, 2021 to file an Answer. (DE 61).

The Belkova Defendants did not meet the November 12, 2021 deadline, nor have they moved for an extension of time to do so. As such, Plaintiff now moves for an entry of judicial default against the Belkova Defendants under Federal Rule of Civil Procedure 55(a). (DE 70). For the reasons explained below, Plaintiff's Motion is denied.

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). While it is true that the Belkova Defendants did not answer Plaintiff's Second Amended Complaint by their deadline to do so, it is also clear that they are attempting to otherwise defend this action. The Defendants have twice retained counsel and have previously filed a Motion to Dismiss (DE 42). Rather than indicating an intent not to defend this action, it appears that the Belkova Defendants have failed to serve a timely Answer because they have struggled to retain counsel: their first counsel filed an Amended Motion to Withdraw on September 8, 2021 (DE 41), and their second counsel filed a Motion to Withdraw on November 15, 2021 (DE 67). I decline to enter judicial default against the currently unrepresented Defendants before they have an opportunity to obtain new counsel.

However, while it is not appropriate to grant Plaintiff's Motion for Entry of Judicial Default at this time, I am concerned by the Belkova Defendants' behavior in litigating this action. The Belkova Defendants' former counsel indicated that they "refused to authorize [counsel] to agree to Plaintiff's proposed discovery plan and deadlines or to a mediator." (DE 54 at ¶ 15). And as of this week, the Belkova Defendants' *second* counsel found it necessary to withdraw due to irreconcilable differences in the attorney-client relationship. (DE 67). This action has been pending for nearly seven months. To the extent that the Belkova Defendants' refusal to cooperate with counsel has contributed to their inability to retain counsel or to the delay in the progression of this case, Defendants are advised that such conduct may be cause for sanctions. *See* Fed. R. Civ. P. 11(b); *see also Phipps v. Blakeney*, 8 F.3d 788, 790 ("[D]ismissal may be appropriate when a [party's] recalcitrance is due to wilfulness, bad faith or fault."); *Malautea v. Suzuki Motor Co.,*

*Ltd.*, 987 F.2d 1536, 1543–44 (upholding the entry of default judgment against defendants as a sanction for failure to comply with discovery orders in bad faith).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Judicial Default (DE 70) is **DENIED**.

**SIGNED** in Chambers, at West Palm Beach, Florida this 18 day of November, 2021.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record