# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO NATIONAL CITY BANK, SUCCESSOR BY MERGER TO FIDELITY FEDERAL BANK & TRUST,

    Plaintiff,

vs.

LILIA BELKOVA A/K/A LILIA BELKOVA RUSSO, individually; LILIA BELKOVA, AS SUCCESSOR TRUSTEE OF THE LAND TRUST AGREEMENT NO. 072003 DATED FEBRUARY 9, 2004; DEER RUN PROPERTY OWNERS ASSOCIATION, INC.; ENTERPRISE FUNDING SOLUTIONS LLC,

    Defendants.
_____/

CASE NO: 9:21-cv-80758-DMM

## PLAINTIFF'S RESPONSE IN OPPOSITION TO NON-PARTY NICHOLAS ARSALI'S AMENDED MOTION TO INTERVENE

COMES NOW Plaintiff, PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO NATIONAL CITY BANK, SUCCESSOR BY MERGER TO FIDELITY FEDERAL BANK & TRUST ("Plaintiff" or "PNC"), by and through its undersigned counsel, and pursuant to Local Rule 7.1(c)(1) of the United States District Court for the Southern District of Florida (the "Local Rule(s)"), hereby files its response in opposition to Non-Party, Nicholas Arsali's, Amended Motion to Intervene (the "Motion to Intervene") (D.E. 77), and states as follows in support hereof:

1111287.2

**UNDISPUTED FACTS**

1. On April 23, 2021, Plaintiff filed its Verified Complaint in this action, along with a Notice of Lis Pendens. (D.E. 16).

2. The Notice of Lis Pendens was recorded on May 20, 2021, in the Official Records of Palm Beach County, Florida at Book 32501, Page 906 (the "*Lis Pendens*"), giving public notice of this foreclosure action as to the subject property at 2251 Buck Ridge Trail, Loxahatchee, FL 33470 (the "Property"). A true and correct copy of the recorded *Lis Pendens* is attached hereto as Exhibit "A."

3. On October 13, 2021, a foreclosure sale of the Property took place in another foreclosure action previously commenced by Defendant, DEER RUN PROPERTY OWNERS' ASSOCIATION, INC., in the Circuit Court of the Seventeenth Judicial Circuit, in and for Palm Beach County, Florida, bearing Case No. 2017-CA-001472 (the "Association's Action"). A copy of the Certificate of Sale is attached to the Motion to Intervene as Exhibit "B."

4. The winning bidder at the foreclosure sale in the Association's Action was "FLORIDA LAND TRUST SERVICES LLC" ("FLTS, LLC"), not Mr. Arsali in his individual capacity. (D.E. 77, Ex. "B").

5. Two objections to the foreclosure sale in the Association's Action were filed (the "Objections") (D.E. 77 ¶ 3), one of which was filed by FLTS, LLC. Those Objections remain pending, and therefore a Certificate of Title has not yet been issued in favor of FLTS, LLC in the Association's Action.

6. On November 15, 2021, Mr. Arsali filed a Motion to Intervene in this foreclosure action, which was denied by this Court due to his failure to comply with Local Rule 7.1(a)(3). (D.E. 65, 68).

7. On November 19, 2021, Mr. Arsali filed the Amended Motion to Intervene (D.E. 77).

8. The Court should deny the Motion to Intervene because (I) Mr. Arsali does not have standing to intervene and cannot represent FLTS, LLC in these proceedings; (II) the Motion to Intervene is premature because a Certificate of Title has not been issued in the Association's Action; and (III) a purchaser of real property subject to a *lis pendens* is not entitled to intervene in the pending foreclosure action.

## ARGUMENT

**I. Mr. Arsali Does Not Have Standing to Intervene and Cannot Represent FLTS, LLC in These Proceedings.**

9. As an initial matter, the Motion to Intervene was filed by Nicholas Arsali, who represents that he is the third-party purchaser of the Property in the Association's Action. (D.E. 77 at 1).

10. However, as Exhibit "B" to the Motion to Intervene reflects, Mr. Arsali was not the successful bidder at that foreclosure sale in the Association's Action. Rather, the winning bidder at the foreclosure sale in the Association's Action was FLTS, LLC, a Florida limited liability company.

11. As such, Mr. Arsali does not have standing to seek to intervene in this action in his individual capacity because he was not the winning bidder at the foreclosure sale in the Association's Action.

12. Moreover, FLTS, LLC must be represented by counsel in legal proceedings because it is an artificial entity. *See, e.g.*, *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."); *United States v. Natalie*

*Jewelry*, 14-CR-60094, 2015 WL 150841, at *4 (S.D.Fla. Jan. 13, 2015), *report and recommendation adopted sub nom. United States v. Jewelry*, 14-60094-CR, 2015 WL 1181987 (S.D. Fla. Mar. 13, 2015) ("It is well settled that corporations, partnerships, and limited liability companies are artificial legal entities that can act only through agents, cannot appear pro se, and must be represented by counsel." (citing *Palazzo* and quoting in a parenthetical *Souffrant v. Denhil Oil, LLC*, No. 10–80246–CIV, 2010 WL 1541192, at *1 (S.D. Fla. Apr. 16, 2010) ("The proposition that a corporation must be represented by an attorney also applies to limited liability companies.")).

13. Mr. Arsali signed the Motion to Intervene "pro se" and did not include his Florida bar number or otherwise represent that he is a licensed Florida attorney. In fact, the Florida Bar's online records do not reflect that Nicholas Arsali is an attorney.

14. In sum, because Mr. Arsali does not have standing to seek to intervene in this case in his individual capacity, and he cannot represent FLTS, LLC in this action, the Motion to Intervene should be summarily denied.

**II.   A Purchaser of Real Property Subject to a *Lis Pendens* is Not Entitled to Intervene in this Foreclosure Action.**

15. Even if Mr. Arsali had been the winning bidder in his individual capacity at the foreclosure sale in the Association's Action, or was authorized to represent FLTS, LLC in legal proceedings, and a Certificate of Title had been issued in the Association's Action, the Motion to Intervene should nevertheless be denied.

16. Rule 24, Federal Rules of Civil Procedure, which is the vehicle for intervention, provides in relevant part as follows:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) Permissive Intervention.

(1) *In General.* On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

\* \* \*

(3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

17. Under Rule 24(a)(2) and (b)(1)(B), intervention is only appropriate if (i) there "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest," or (ii) there is "a claim or defense that shares with the main action a common question of law or fact."[1] In other words, unless an intervenor has a "interest relating to the property" that is the subject of the action, or has a "claim or defense that shares with the main action," intervention is not appropriate. To answer that substantive question, the Court must turn to Florida law.

18. FLTS, LLC elected to purchase the Property in the Association's Action with full knowledge of this pending foreclosure action and the recorded *Lis Pendens* in this case, which by definition makes it a purchaser *pendente lite*. *See O'Bryan v. Dr. P. Phillips & Sons*, 166 So. 820,

---

[1] With regard to possible intervention under Rule 24(a)(1) and (b)(1)(A), Mr. Arsali does not claim he has an unconditional or conditional right based upon a federal statute, and undersigned counsel is not aware of a federal statute that would give him such a right. As such, Mr. Arsali is not entitled to intervention on that basis.

821 (Fla. 1936) (finding that purchasers who acquired property after foreclosure proceedings were commenced and *lis pendens* recorded to be purchasers *pendente lite*).

19. As a purchaser *pendente lite*, FLTS, LLC has no "legally cognizable interest" in this foreclosure proceeding. *PNC Bank, Nat'l Ass'n v. MDTR, LLC*, 243 So. 3d 456, 458-59 (Fla. 5th DCA 2018) (quoting *Whitburn, LLC v. Wells Fargo Bank N.A.*, 190 So. 3d 1087, 1091-92 (Fla. 2d DCA 2015) (finding that a purchaser *pendente lite's* "interest in [the] foreclosure proceeding is not a legally cognizable interest because even though it now holds legal title to the property, it purchased the property subject to [the bank's] foreclosure proceeding and superior interest in the property").

20. Because neither FLTS, LLC nor Mr. Arsali has a legally cognizable interest in this foreclosure proceeding, they do not have a permissible basis or basis as a matter of right to intervene in this case under Rule 24.

21. Indeed, Florida's long-standing, hard-lined position against allowing a purchaser of property subject to a *lis penden*s to intervene in a pending foreclosure action is based upon law dating back to the late-1800s. *See, e.g.*, *Fed. Nat'l Mortgage Ass'n v. Gallant*, 211 So. 3d 1055, 1058 (Fla. 4th DCA 2017) (holding that when property is purchased during a pending foreclosure action in which a lis pendens has been recorded, the purchaser generally is not entitled to intervene in the pending foreclosure action); *Timucuan Properties, Inc. v. Bank of New York Mellon*, 135 So. 3d 524 (Fla. 5th DCA 2014) ((quoting in a parenthetical *Intermediary Fin. Corp. v. McKay*, 111 So. 531, 531 (Fla. 1927) ("This court is committed to the doctrine that a purchaser pendente lite is not entitled to intervene.")); *Tr. No. 602W0 Dated 7/16/15, Dema Investments, LLC v. Wells Fargo Bank, N.A.*, 207 So. 3d 977, 978 (Fla. 5th DCA 2016) ("The law is well settled that a purchaser pendente lite is not entitled to intervene or otherwise be made a party to the ongoing

lawsuit." (citing *Greenwald v. Graham*, 100 Fla. 818, 130 So. 608, 611 (1930) (citing *Leuders v. Thomas*, 17 So. 633, 635 (Fla. 1895)))).[2]

22. A recorded *lis pendens* "is as efficient against a valid transfer or incumbrance [sic.] of the property described in it as an injunction would be, and that such a notice binds all parties to the action together with all purchasers from them and all parties under them subsequently to the filing of the same." *Seligman v. N. Am. Mortg. Co.*, 781 So. 2d 1159, 1162 (Fla. 4th DCA 2001) (quoting *Peninsular Naval Stores Co. v. Cox*, 49 So. 191 (1909)).

23. "One who purchases property subject to a *lis pendens* 'is bound by the judgment or decree rendered against the party from whom he makes the purchase as much so as though he had been a party to the judgment or decree himself.'" *Quadomain Condominium Ass'n, Inc.*, 103 So. 3d at 979 (quoting *Greenwald*, 130 So. at 611); *see* Fla. Stat. § 48.23(1)(d); *O'Bryan v*, 166 So. at 821.

---

[2] *See MDTR, LLC*, 243 So. 3d at 458 (finding that a "purchaser of property subject to foreclosure proceedings where the bank has already filed a lis pendens" was "not even entitled to intervene or be substituted in the proceeding"); *Bonafide Properties v. Wells Fargo Bank, N.A.*, 198 So. 3d 694, 695 (Fla. 2d DCA 2016) ("[W]hen property is purchased during a pending foreclosure action in which a *lis pendens* has been filed, the purchaser generally is not entitled to intervene in the pending foreclosure action."); *see also Market Tampa Invs., LLC v. Stobaugh*, 177 So. 3d 31, 32 n. 1 (Fla. 2d DCA 2015) *Bymel v. Bank of Am., N.A.*, 159 So. 3d 345, 347 (Fla. 3d DCA 2015)); *Whitburn*, 190 So. 3d at 1087 ("Because Whitburn purchased the property in June 2013 after Wells Fargo filed its notice of *lis pendens* in December 2012, Whitburn took the property subject to the outcome of the litigation in Wells Fargo's case, including the foreclosure sale to which Wells Fargo was entitled as a result of the judgment entered in its favor."); *SADCO, Inc. v. Countrywide Funding, Inc.*, 680 So. 2d 1072, 1072 (Fla. 3d DCA 1996) ("[A] purchaser of property that was [the] subject of [a] *lis pendens* arising from [a] bank's pending foreclosure action [is] not entitled to intervene in that action."); *Andresix Corp. v. Peoples Downtown Nat'l Bank*, 419 So. 2d 1107, 1107 (Fla. 3d DCA 1982) ("We affirm the trial court's order denying the motion to intervene filed by Andresix Corporation upon a holding that Andresix, as a purchaser of property which was then the subject of a mortgage foreclosure action and accompanying *lis pendens* by Peoples Downtown National Bank, was not entitled to intervene in such action.")).

24. The primary purpose of this rule is for the protection of plaintiffs who record lis pendens, shielding them from intervening liens that could impair property rights, as well as the unnecessary protraction of litigation and unwarranted prolonging of foreclosure proceedings and the accompanying expense of same. *See Green Emerald Homes, LLC v. 21st Mortgage Corp.*, 300 So. 3d 698, 708 (Fla. 2d DCA 2019) ("One major consideration applicable to the intervention by purchasers pendente lite is that allowing intervention invites the unnecessary protraction of litigation by a nonparty who knew full well at the time it took title that the property was in foreclosure."); *Bymel v. Bank of Am., N.A.*, 159 So. 3d 345, 347 (Fla. 3d DCA 2015) ("Allowing [a purchaser *pendente lite*] to intervene would unnecessarily prolong the foreclosure action."); *Fischer v. Fischer*, 873 So. 2d 534, 536 (Fla. 4th DCA 2004) (quoting *Chiusolo v. Kennedy*, 614 So. 2d 491, 492 (Fla. 1993)); *Harrod v. Union Fin. Co.*, 420 So. 2d 108, 109 (Fla. 3d DCA 1982) ("The concern that to allow purchasers pendente lite to intervene would unnecessarily protract litigation, . . . which gave rise to the rule precluding intervention in a mortgage foreclosure action by a person who acquires an interest in the subject property after the recording of a lis pendens" (internal citation omitted)).

25. Applying Florida law here, neither Mr. Arasali nor FLTS, LLC were named as Defendants in this foreclosure action because neither one had an interest in the Property when this action was commenced. It is undisputed that the sale of the Property in the Association's Action occurred almost five months after the filing of PNC's Complaint and recording of the *Lis Pendens* in this case. (*Compare* Exhibit "A" with D.E. 77, Ex. "B").

26. Under these circumstances, FLTS, LLC is a purchaser *pendente lite* (assuming a Certificate of Title is eventually issued to it over its own objection to the foreclosure sale) and is not entitled to intervene in this foreclosure action. *See supra* ¶¶ 18, 19, 21-24. In deciding to

purchase the Property notwithstanding the *Lis Pendens* recorded in this case, FLTS, LLC knowingly assumed the risk associated with the outcome of this case. *See Leuders*, 17 So. at 635 ("In a case where the suit is in reference to specific property which is well described in the pleadings, all persons purchasing while the suit is in full prosecution do so at their own peril. They take the risk of the result of the suit and are concluded by the decree therein.").

27. Plaintiff has been embroiled in litigation with respect to the subject Mortgage and Property for more than ten years in a Florida circuit court, federal district and bankruptcy courts, and the Eleventh Circuit, and has endured substantial prejudice as a result, including but not limited to, attorney's fees in the approximate amount of $200,000.

28. Now, Mr. Arsali is seeking to compound Plaintiff's prejudice and openly admits he intends to contest the case, causing an unnecessary delay in the case and expense to Plaintiff. (D.E. 77 ¶ 5). Not only is that contrary to the aim of the rule prohibiting purchasers *pendente lite* from intervening in foreclosure actions, it is simply not allowed under Florida law. *See supra* ¶¶ 18, 19, 21-24.

29. In sum, because FLTS, LLC (and Mr. Arsali pursuant to any interest he may have in FLTS, LLC) is at best a purchaser *pendente lite*, Florida law prohibits either Mr. Arsali or FLTS, LLC from intervening in this foreclosure action. Consequently, the Motion to Intervene should be denied.

### III. The Motion to Intervene is Premature Because a Certificate of Title has Not Been Issued in the Association's Action.

30. Setting aside that Mr. Arsali does not have standing to seek to intervene in this case in his individual capacity, and he cannot represent FLTS, LLC, the Motion to Intervene is premature, because a Certificate of Title has not yet been issued to the winning bidder, FLTS,

LLC, and the pending Objections to the foreclosure sale in the Association's Action have not been resolved. (D.E. 77 ¶ 3).

31. Because a Certificate of Title has not yet been issued, nor have the Objections to the foreclosure sale been resolved by the state court in the Association's Action, neither Mr. Arsali nor FLTS, LLC has an interest in the Property that would warrant intervention in this foreclosure action. As such, and separate and apart from the standing issue discussed in Section I above, the Motion to Intervene should be denied as premature.

WHEREFORE, Plaintiff, PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO NATIONAL CITY BANK, SUCCESSOR BY MERGER TO FIDELITY FEDERAL BANK & TRUST, respectfully requests that the Court enter an Order denying the Amended Motion to Intervene (D.E. 77), and granting such further relief as this Court deems just and proper.

DATED this 2nd day of December, 2021.

**McGLINCHEY STAFFORD**

*/s/ William L. Grimsley*
Kimberly Held Israel
Florida Bar No. 47287
William L. Grimsley
Florida Bar No. 84226
10407 Centurion Parkway North, Ste. 200
Jacksonville, FL 32256
Phone: (904) 224-4449
Primary E-mails: kisrael@mcglinchey.com
wgrimsley@mcglinchey.com
Secondary: cgipson@mcglinchey.com
***Attorneys for Plaintiff, PNC BANK, N.A.***

## **CERTIFICATE OF SERVICE**

I hereby certify that in accordance with this Court's electronic filing procedures, this document has been electronically filed. A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to e-mail notification and electronic service. This document is available for viewing and downloading from the Court's ECF system. Service on all non-defaulted parties who have not consented to e-mail notification and electronic service in this action has been made via U.S. Mail, this 2nd day of December, 2021.

**VIA CM/ECF**

**Steven R. Braten, Esq.**
SBraten@rosenbaumpllc.com
*Counsel for Defendant, DEER RUN PROPERTY OWNERS ASSOCIATION, INC.*

**VIA E-MAIL**

**Nicholas Arsali, pro se**
119 N. Swinton Avenue.
Delray Beach, FL 33444
Telephone: (561) 740-1320
Email: narsali@bellsouth.net

**VIA U.S. MAIL**

**Lilia Belkova, as Successor Trustee of the**
**Land Trust Agreement No. 072003 Dated February 9, 2004**
2251 Buck Ridge Trail
Loxahatchee, FL 33470
*Defendant*

**Lilia Belkova**
2251 Buck Ridge Trail
Loxahatchee, FL 33470
*Defendant*

*/s/ William L. Grimsley*
ATTORNEY