UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO NATIONAL CITY BANK, SUCCESSOR BY MERGER TO FIDELITY FEDERAL BANK & TRUST,<br><br>    Plaintiff,<br>vs.<br><br>LILIA BELKOVA A/K/A LILIA BELKOVA RUSSO, individually; LILIA BELKOVA, AS SUCCESSOR TRUSTEE OF THE LAND TRUST AGREEMENT NO. 072003 DATED FEBRUARY 9, 2004; DEER RUN PROPERTY OWNERS ASSOCIATION, INC.; ENTERPRISE FUNDING SOLUTIONS LLC,<br><br>    Defendants.<br>_____/ | CASE NO: 9:21-cv-80758-DMM |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Plaintiff, PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO NATIONAL CITY BANK, SUCCESSOR BY MERGER TO FIDELITY FEDERAL BANK & TRUST ("Plaintiff" or "PNC"), by and through its undersigned counsel, and pursuant to Local Rule 7.1(c)(1) of the United States District Court for the Southern District of Florida (the "Local Rule(s)"), hereby files this Motion for Leave to File Sur-Reply to Non-Party, Nicholas Arsali's, Reply to Response to Amended Motion to Intervene (the "Reply"), and in support hereof states as follows:

    1.    On November 19, 2021, Mr. Arsali filed the Amended Motion to Intervene (D.E. 77).

1111287.2

2. On December 2, 2021, PNC filed its Response in Opposition to the Amended Motion to Intervene. (D.E. 78).

3. Thereafter, Mr. Arsali filed the Reply. (D.E. 83).

4. In the Reply, Mr. Arsali asserts that the issue of intervention is governed by federal law, rather than state law, which he did not assert in the Amended Motion to Intervene, nor did he provide any supporting legal authority in the Reply for that assertion. (D.E. 83 ¶ 3).

5. Because Mr. Arsali raises a new argument in the Reply that was not raised in the Amended Motion to Intervene, and he did not provide any supporting legal authority, to assist the Court in considering that issue, Plaintiff respectfully requests that it be given leave to file a brief sur-reply not exceeding five (5) to address that specific issue.[1]

## MEMORANDUM OF LAW

The Local Rules provide that, following the filing a reply memorandum, "[n]o further or additional memoranda of law shall be filed and served without prior leave of Court." S.D. Fla. R. 7.1(c)(1). As this Court has previously held, leave to file a sur-reply is appropriate where a reply memorandum raises new arguments or theories. *See Hammet v. Am. Bankers Ins. Co.*, 203 F.R.D. 690, 695 n.1 (S.D. Fla. 2001) ("Because Plaintiff presented new arguments and a new theory . . . in her Reply the Court will grant Defendants' Motion for Leave to File a Sur-Reply . . . ."); *see also First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) ("A district court's decision to permit the filing of a surreply is purely discretionary and should generally only be allowed when a valid reason for such briefing exists,

---

[1] Additionally, Mr. Arsali asserts a change in circumstances in the Reply that occurred since the filing of Plaintiff's Opposition that moots certain arguments of Plaintiff in the Opposition, which Plaintiff intends to acknowledge in the sur-reply.

such as where the movant raises new arguments in its reply brief.") (citation and internal quotation marks omitted).

Here, Mr. Arsali's Reply contains new assertions that were not raised in the Amended Motion to Intervene, and he has not provided supporting legal authority for those new assertions. (D.E. 83 ¶ 3). In particular, Paragraph 3 of the Reply, Mr. Arsali asserts that the issue of intervention is procedural and governed by federal law, that the Federal Rules "make clear" that those having an interest relating to the subject Property have a right to intervene, and that Florida Rules "do not have a corresponding rule." However, Mr. Arsali provided no legal authority supporting those assertions. A brief sur-reply under the circumstances is appropriate because of the new assertions raised by Mr. Arasali, and a sur-reply will assist the Court in resolving that issue, especially considering the new argument is undeveloped and not supported by legal authority.[2]

WHEREFORE, Plaintiff, PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO NATIONAL CITY BANK, SUCCESSOR BY MERGER TO FIDELITY FEDERAL BANK & TRUST, respectfully request that this Court grant Plaintiff leave to file within five (5) business days after the grant of this Motion a sur-reply of no more than five (5) pages in length, and for such further relief this Court deems just and proper.

### CERTIFICATION OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in this Motion,

---

[2] *See Sardinas v. Miami Veterinary Specialists, P.A.*, 1:20-CV-22987, 2020 WL 7241364, at *9 (S.D. Fla. Dec. 8, 2020) (finding that new arguments raised in a reply that were "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived" (citing *Melford v. Kahane and Assocs.*, 371 F. Supp. 3d 1116, 1126 n.4 (S.D. Fla. 2019)).

but has been unable to do so. Specifically, undersigned counsel emailed non-party, Nicholas Arsali, soliciting his consent to the relief requested in this Motion. Undersigned counsel received a response email from Mr. Arsali on December 14, 2021, in which Mr. Arsali did not state his consent or objection to the relief requested in this Motion. Undersigned counsel responded to that email, again soliciting consent to the relief requested in this Motion and advising of the intent to file this Motion on December 15, 2021. At the time of the filing of this Motion, undersigned counsel has not received further correspondence from Mr. Arsali regarding the relief requested in this Motion.

  THIS, the 15th day of December, 2021

            **McGLINCHEY STAFFORD**

            */s/ William L. Grimsley*
            Kimberly Held Israel
            Florida Bar No. 47287
            William L. Grimsley
            Florida Bar No. 84226
            10407 Centurion Parkway North, Ste. 200
            Jacksonville, FL 32256
            Phone: (904) 224-4449
            Primary E-mails: kisrael@mcglinchey.com
            wgrimsley@mcglinchey.com
            Secondary: cgipson@mcglinchey.com
            ***Attorneys for Plaintiff, PNC BANK, N.A.***

## CERTIFICATE OF SERVICE

I hereby certify that in accordance with this Court's electronic filing procedures, this document has been electronically filed. A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to e-mail notification and electronic service, and further served as indicated below. This document is available for viewing and downloading from the Court's ECF system.

### VIA CM/ECF

**Steven R. Braten, Esq.**
SBraten@rosenbaumpllc.com
*Counsel for Defendant, DEER RUN PROPERTY OWNERS ASSOCIATION, INC.*

**Adam I. Skolnik, Esq.**, askolnik@skolniklawpa.com
Counsel for *Defendants, LILIA BELKOVA, INDIVIDUALLY, AND LILIA BELKOVA, AS SUCCESSOR TRUSTEE OF THE LAND TRUST AGREEMENT NO. 072003 DATED FEBRUARY 9, 2004*

### VIA E-MAIL

**Nicholas Arsali, pro se**
119 N. Swinton Avenue.
Delray Beach, FL 33444
Telephone: (561) 740-1320
Email: narsali@bellsouth.net

                                                            /s/ William L. Grimsley
                                                               **Attorney**