**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO NATIONAL CITY BANK, SUCCESSOR BY MERGER TO FIDELITY FEDERAL BANK & TRUST, | CASE NO: 9:21-cv-80758-DMM |
| Plaintiff, | |
| vs. | |
| LILIA BELKOVA A/K/A LILIA BELKOVA RUSSO, individually; LILIA BELKOVA, AS SUCCESSOR TRUSTEE OF THE LAND TRUST AGREEMENT NO. 072003 DATED FEBRUARY 9, 2004; DEER RUN PROPERTY OWNERS' ASSOCIATION, INC.; ENTERPRISE FUNDING SOLUTIONS LLC, | |
| Defendants. _____/ | |

## JOINT PRETRIAL STIPULATION

COME NOW Plaintiff, PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO NATIONAL CITY BANK, SUCCESSOR BY MERGER TO FIDELITY FEDERAL BANK & TRUST ("Plaintiff' or "PNC"); Defendant, DEER RUN PROPERTY OWNERS' ASSOCIATION, INC. (the "Association"); and Defendants, LILIA BELKOVA A/K/A LILIA BELKOVA RUSSO, individually ("Belkova"), and LILIA BELKOVA, AS SUCCESSOR TRUSTEE OF THE LAND TRUST AGREEMENT NO. 072003 DATED FEBRUARY 9, 2004 (the "Land Trust") (together, the "Belkova Defendants") (collectively with PNC and the Association, the "Parties"), by and through their respective counsel, hereby submit this Joint Pretrial Stipulation in accordance with the Court's Pretrial Scheduling Order and Order Referring Case to Mediation (D.E. 7), as follows:

1

1.  **Statement of the Case by Each Party in the Action.**

    **Plaintiff's Statement of the Case:**

    Notwithstanding the years of litigation related to Plaintiff's Mortgage (the "PNC Mortgage") and the subject Property, this case is a straight-forward foreclosure action. The Land Trust, through Belkova, acquired the Property in 2004, and in doing so, gave a purchase money mortgage to Mackinac Savings Bank based on money lent for the purchase of the Property. In 2005, Belkova, desiring to construct her residence on the Property, executed the subject Note and a Construction Loan Agreement in favor of PNC's predecessor-in-interest by merger, Fidelity Federal Bank & Trust. The Land Trust, through its then-Trustee, executed the PNC Mortgage, establishing a first-position lien against the Property. The funds lent pursuant to the Note and PNC Mortgage were used to satisfy the Mackinac Savings Bank mortgage.

    In 2013, Belkova filed a Chapter 13 Bankruptcy action, in which the Bankruptcy Court, pursuant to an agreement between Belkova and PNC, valued PNC's secured claim at $325,000, plus 5% interest, to be paid in 360 monthly payments over thirty years. Belkova's Sixth Amended Chapter 13 Plan was confirmed in May 2017, and Belkova performed under her confirmed plan and received a discharge. Following completion of her Plan, however, Belkova was required to continue paying PNC in accordance with the confirmed plan, i.e., by making the remainder of the monthly payments. Belkova failed to make the very first payment due following completion of her Plan, and failed to make all subsequent payments due thereafter. In addition to failing to make post-Plan payments to PNC, Belkova also failed and refused to pay the property taxes for the Property and failed to provide proof of insurance for the Property, both of which were violations of the Bankruptcy Court's confirmation order and each of which constitute independent defaults under the PNC Mortgage.

    After confirmation of her Sixth Amended Plan, but prior to her fully performing thereunder, Belkova filed an adversary proceeding in the Bankruptcy Court, challenging the validity of the PNC Mortgage. Ultimately, the Bankruptcy Court granted summary judgment in favor of PNC, establishing an equitable lien against the Property in PNC's favor, and dismissing Belkova's adversary complaint. Despite finding that PNC was entitled to an equitable lien, the Bankruptcy Court did not make any corresponding determination that the PNC Mortgage was invalid. Instead, the Bankruptcy Court ruled that Belkova's underlying claim against PNC was moot by virtue of the grant of summary judgment in PNC's favor.

    Following Belkova's defaults under the PNC Mortgage, as modified by the Bankruptcy Court Orders, PNC gave Belkova notice and an opportunity to cure the defaults, which she failed to do. Having obtained prospective relief in the Bankruptcy Court from the automatic stay, PNC commenced the present *in rem* action.[1]

---

[1] Belkova received an individual discharge in a prior Chapter 7 bankruptcy case, so the instant action does not include an *in personam* claim.

**Defendant, DEER RUN PROPERTY OWNERS' ASSOCIATION, INC.'s Statement of the Case:**

Deer Run is a "homeowners' association" within the meaning of Chapter 720, Florida Statutes. On November 4, 2013, Belkova filed a voluntary petition under Chapter 12 of the Bankruptcy Code in the Middle District of Florida, which was assigned case number 3:13-bk-07570-RCT and assigned first to the Honorable Jerry A. Funk and then to the Honorable Judge Roberta A. Colton (the "Belkova 2013 Bankruptcy"). On December 15, 2015, an "Agreed Order Granting Deer Run Property Owners' Association, Inc.'s Motion for Relief from the Automatic Stay" was entered by Judge Funk [Belkova 2013 Bankruptcy, Doc. 244]. On November 22, 2016, Deer Run recorded a claim of lien against the subject Property in public records of Palm Beach County, Florida. On February 8, 2017, Deer Run filed an action to foreclose is claim of lien in the County Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2017-CC-001472XXXXMB ("Deer Run State Court Foreclosure Action"). After multiple intervening bankruptcy filings by Belkova, which were dismissed, on September 13, 2021, the county court entered a Final Judgment of Foreclosure in favor of Deer Run, scheduling the subject Property for judicial sale for October 13, 2021. On October 12, 2021, Belkova filed a notice of appeal with the Fourth District Court of Appeals. On October 13, 2021, the judicial sale of the subject Property occurred. On the same date, a Certificate of Sale was issued by the state clerk of the court. Belkova filed an objection to the sale and to the issuance of a certificate of title to the high bidder at the sale. The county court has not yet ruled on this objection.

Assuming, PNC Bank establishes it holds a valid note secured by a mortgage and related equitable lien that was recorded prior to Deer Run's claim of lien, then Deer Run acknowledges PNC's interest in the subject Property would be superior to Deer Run's interest in the subject Property. In such event, Deer Run's right to any surplus proceeds from the sale of the property will be governed by applicable state law.

**Defendants, LILIA BELKOVA A/K/A LILIA BELKOVA RUSSO, individually, and LILIA BELKOVA, AS SUCCESSOR TRUSTEE OF THE LAND TRUST AGREEMENT NO. 072003 DATED FEBRUARY 9, 2004's Statement of the Case:**

The Defendant is not the proper party to this action. Despite any statements by the Defendant, in any capacity, from the outset, the intent of James Sobosienski, Joseph Hanratty and Anisa Nazarova was to create a land trust to vest title for the benefit of a Nazarova, who was the financier of the acquisition of the subject property.

The non-parties attempted to create a Florida Land Trust, based on the Florida Land Trust Act that is modeled after the Illinois Land Trust Act. However, no valid land trust was created, and all subsequent conveyances and assignments were ineffective and void for failing to comply with the Florida Land Trust Act.

With this knowledge in hand, the Plaintiff and Deer Run continued over the years to file countless actions, and never including the true beneficial and actual owner – Nazarova, as it was Nazarova who purchased 100% of the beneficial interest in what she

had believed to be a valid land trust (*to wit*: "Land trust Agreement 072003 dated February 9, 2004").

Each and every subsequent transfer or assignment of the property failed because of the defects and failure to establish a proper land trust.

**2. The Basis for Federal Jurisdiction:**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a).

**3. The Pleadings Raising the Issues:**

- Plaintiff's Second Amended Complaint (D.E. 16).

- Defendant, DEER RUN PROPERTY OWNERS' ASSOCIATION, INC., Answer to Second Amended Complaint (D.E. 24).

**4. List of All Undisposed Motions or Other Matters Requiring Action by the Court:**

- Plaintiff's Amended Motion for Summary Judgment and Statement of Material Facts (D.E. 71, 72).

**5. Statement of Uncontested Facts That Will Require No Proof at Trial:**

1. The real property that is the subject of this litigation is located at 2251 Buck Ridge Trail, Loxahatchee, Florida 33470 (the "Property"), which bears the following legal description:

   LOT 122 DEER RUN ACCORDING TO THE PLAT THEREOF AS RECORDED IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT IN AND FOR PALM BEACH COUNTY, FLORIDA IN PLAT BOOK 35 PAGES 34 THROUGH 39 INCLUSIVE.

2. The Property has been the subject of following deeds: (i) Warranty Deed dated February 9, 2004 and recorded on February 12, 2004 in the Official Records of Palm Beach County, Florida at Book 16544, Page 499-500, wherein James Sobocienski was the grantor, and Joseph M. Hanratty, Trustee of Land Trust Agreement No. 072003 dated February 9, 2004 (the "Land Trust"), was the grantee; (ii) Quit Claim Deed recorded on February 15, 2007 in the Official Records of Palm Beach County, Florida at Book 21419, Page 1352, wherein Joseph M. Hanratty, Trustee of the Land Trust, was the grantor, and Trust Management, LLC, Successor Trustee of the Land Trust, was the grantee; and (iii) Quit Claim Deed recorded on January 30, 2012, in the Official Records of Palm Beach County, Florida at Book 24985, Page 1196, wherein Trust Management, LLC, Successor Trustee of the Land Trust, was the grantor, and Lilia Belkova, as Successor Trustee of the Land Trust, was the grantee.

3. In order to purchase the Property from Sobocienski, a Mortgage was executed in favor of Mackinac Savings Bank by Joseph M. Hanratty, as Trustee of the Land Trust, on February 9, 2004 (the "Mackinac Mortgage").

4. The Mackinac Mortgage, in the amount of $123,750.00, was recorded on February 12, 2004, in the Official Records of Palm Beach County, Florida at Book 16544, Page 0501, and encumbered the Property.

5. In connection with the Mackinac Mortgage, Joseph M. Hanratty, as Trustee of the Land Trust, executed a Trustee's Affidavit on that same date, recorded in the Official Records of Palm Beach County, Florida at Book 16544, Page 0513, in which he attested he "is the Trustee possessing full power without limitation to convey or mortgage property and to execute all documents necessary to any such transaction."

6. The Note dated January 14, 2005, in the amount of $530,000.00, bears the signature of "Lilia Belkova, as Beneficiary of Land Trust 072003" and was delivered to PNC's predecessor by merger, Fidelity Federal Bank & Trust ("Fidelity Federal").

7. The PNC Mortgage, securing payment of the Note, was executed on January 18, 2005 by Joseph M. Hanratty, as Trustee of the Land Trust, and was recorded on January 27, 2005, in the Official Records of Palm Beach County, Florida at Book 18066, Pages 0221-0237.

8. A Construction Loan Agreement (the "Construction Loan Agreement") was executed and delivered on January 14, 2005, by "Lilia Belkova, as Beneficiary of Land Trust 072003" to PNC's predecessor by merger, Fidelity Federal.

9. Proceeds from the funds lent pursuant to the Note and the PNC Mortgage were used to pay off and satisfy in full the Mackinac Mortgage.

10. On February 10, 2005, a Satisfaction of the Mackinac Mortgage was recorded in the Official Records of Palm Beach County, Florida at Book 18126, Page 0846.

11. National City Bank acquired the Note and the PNC Mortgage through its merger with Fidelity Federal.

12. Thereafter, PNC acquired the Note and the PNC Mortgage through its merger with National City Bank.

13. On November 4, 2013, Belkova filed a voluntary petition for relief under Chapter 12 of the Bankruptcy Code, bearing Case No. 3:13-bk-07570-JAF, in the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division (the "2013 Chapter 12 Bankruptcy").

14. On March 13, 2014, PNC filed its Proof of Claim in the 2013 Chapter 12 Bankruptcy.

5

15. On June 25, 2014, Belkova filed her Motion to Value Secured Claim Four (4) of PNC Bank, N.A. In the body of the Motion, she stated that the loan to PNC "is secured by a lien on a farm located at 2251 Buckridge Trail, Loxahatchee, FL 33470."

16. In support of that Motion, Belkova filed a sworn Affidavit of Valuation, in which she stated: "The name of the lienholder is PNC Bank" and "The type of property is real property and the description of the property is Debtor's farm located in Palm Beach County, FL" and "The amount owed on the first mortgage (PNC Bank) is $758,510.40 (amount listed in claim 4-1; Debtor disputes this amount.")."

17. Ultimately, Belkova and PNC reached an agreement regarding Belkova's request that the Bankruptcy Court value PNC's secured claim.

18. That settlement was later memorialized in the Bankruptcy Court's Amended Order Granting Motion for Relief from Order Granting Debtor's Amended Motion to Value Secured Claim Four (4) of PNC Bank, N.A. (the "Valuation Order"), which was entered on September 15, 2015, and was later amended on October 23, 2015 (the amendment was unrelated to the substance of the Valuation Order).

19. In the Valuation Order, the Bankruptcy Court held: "The portion of claim Four (4) secured by the following real property is valued at $325,000." The real property was described as 2251 Buck Ridge Trail, Loxahatchee, FL 33470. The Order went on to hold, "The balance of this claim shall be treated as unsecured."

20. On April 10, 2017, Belkova filed her Sixth Amended Chapter 12 Plan ("Sixth Amended Plan"). In her Sixth Amended Plan, she stated that "[t]he new initial principal balance shall be $325,000 (which includes 5% interest and is based upon the Court's Amended Order dated October 23, 2015…)."

21. In addition, in the Sixth Amended Plan, Belkova also stated: "The Confirmation of this Plan shall have the effect of confirming that Debtor is the owner of this property located in Palm Beach County, Florida either individually or through the respective Florida Land Trust."

22. On May 15, 2017, the Bankruptcy Court entered its Order Confirming Chapter 12 Plan Allowing Claims and Directing Distribution (the "Confirmation Order"). In the Confirmation Order, the Bankruptcy Court confirmed the Sixth Amended Plan.

23. Belkova fully performed under the Sixth Amended Plan and received her Chapter 12 discharge on June 3, 2020 (the "Chapter 12 Discharge").

24. On December 14, 2018, Belkova filed an adversary proceeding against PNC under the umbrella of the Chapter 12 Bankruptcy seeking to invalidate the PNC Mortgage (the "Mortgage Validity Adversary Proceeding").

25. More specifically, Belkova filed a single-count Complaint seeking a judicial determination that (i) the PNC Mortgage is invalid due to the failure to obtain the

consent of the beneficiaries to the Land Trust; and (ii) PNC's claim against the Estate is discharged.

26. PNC filed its Answer, Affirmative Defenses and Counterclaim on July 2, 2019. PNC's Counterclaim contained two counts: (i) Equitable Lien; and (ii) Equitable Subrogation.

27. On March 25, 2020, the Bankruptcy Court entered its Order on PNC Bank's Motion for Summary Judgment and, on March 26, 2020, its Final Judgment (collectively, the "Final Summary Judgment"), which granted in part and denied in part PNC's motion for summary judgment in the Mortgage Validity Adversary Proceeding.

28. In the Final Summary Judgment, the Bankruptcy Court dismissed "Debtor's Complaint to invalidate PNC's mortgage lien" as "moot."

29. In accordance with the provisions of the Sixth Amended Plan and the Confirmation Order, Belkova was required to continue making monthly payments to PNC and continue paying property taxes and hazard insurance for the Property following the completion of her Sixth Amended Plan.

30. Belkova did not make the payment to PNC pursuant to the Confirmation Order that was due on June 1, 2020, nor did Belkova make any payments to PNC pursuant to the Confirmation Order that were due subsequent thereto.

31. Belkova did not pay all required property taxes assessed against the Property in accordance with the Sixth Amended Plan and the Confirmation Order.

32. Belkova did not pay all required hazard insurance for the Property in accordance with the Sixth Amended Plan and the Confirmation Order.

33. On March 16, 2021, a notice of default (the "Notice of Default") was mailed to Belkova.

34. Belkova did not cure the defaults alleged in the Notice of Default.

35. PNC has allegedly been damaged as a result of Belkova's defaults.

36. PNC has allegedly been further damaged in having to expend attorney's fees and costs associated with protecting its interest in the Property and rights under the PNC Mortgage.

37. Defendant, ENTERPRISE FUNDING SOLUTIONS LLC, has been defaulted in this action.

6. **Statement of Issues of Fact That Remain to Be Litigated at Trial:**

    - The amount of PNC's damages.

7. **Statement of Issues of Law on Which There is Agreement:**

    - PNC has standing to prosecute this *in rem* foreclosure action, including pursuing *in rem* relief in accordance with the Note, the PNC Mortgage, and/or PNC's equitable lien.

    - Belkova failed to make payments to PNC under the Confirmation Order.

    - Belkova failed to make payments for property taxes and hazard insurance pursuant to the Confirmation Order.

    - Belkova failed to make payment to PNC after the Notice of Default.

    - All other named Defendants' interests in the Property are junior and inferior to the interest of PNC.

8. **Statement of Issues of Law That Remain for Determination by the Court:**

    - Did Plaintiff incur damages for which it is entitled?

9. **Each Party's Numbered List of Trial Exhibits, Other Than Impeachment Exhibits, With Objections:**

    - See attached Schedules A-C containing the parties' respective trial exhibits.

10. **Each Party's Numbered List of Trial Witnesses:**

    **Plaintiff's Witnesses:**

    1. Michael Bevins, corporate representative of Plaintiff, PNC Bank, N.A.
       c/o William L. Grimsley, Esq.
       McGlinchey Stafford
       10407 Centurion Parkway N., Suite 200
       Jacksonville, FL 32256

    2. Lilia Belkova (In person and/or to be presented by means of deposition transcript)
       2251 Buck Ridge Trail
       Loxahatchee, FL 33470

    3. Joseph Hanratty, Esq. (In person and/or to be presented by means of deposition transcript)
       723 E Fort King St.
       Ocala, FL 34471

4.     Corporate Representative of Deer Run Property Owners' Association, Inc.
c/o Steven R. Braten, Esq.
Rosenbaum PLLC
250 South Australian Avenue, 5th Floor
West Palm Beach, FL 33401

5.     Enterprise Funding Solutions LLC
c/o Steven Kivett
4600 N. Flagler Dr.
West Palm Beach, FL 33407

6.     James Ciuffetelli
11255 Persimmon Blvd.
West Palm Beach, FL 33411

7.     Corporate representative of McGlinchey Stafford PLLC (Limited solely to testimony regarding McGlinchey Stafford billing records, including cost invoices, to support PNC's claim for attorney's fees and taxable costs)
c/o William L. Grimsley, Esq.
McGlinchey Stafford
10407 Centurion Parkway N., Suite 200
Jacksonville, FL 32256

8.     Any fact witnesses disclosed by Defendants.

9.     Any other witnesses needed for rebuttal.

**Defendant, DEER RUN PROPERTY OWNERS' ASSOCIATION, INC.'s Witnesses:**

1.     Patrick Gallagher, Corporate Representative
Deer Run Property Owners' Association, Inc.
c/o Steven R. Braten, Esq.
Rosenbaum PLLC
250 South Australian Avenue, 5th Floor

2.     James Hotchkiss, records custodian
Northern Palm Beach County and the Treasure Coast Regional Director
Campbell Property Management
401 Maplewood Drive Suite 23
Jupiter, FL 33458

**Defendants, LILIA BELKOVA A/K/A LILIA BELKOVA RUSSO, individually, and LILIA BELKOVA, AS SUCCESSOR TRUSTEE OF THE LAND TRUST AGREEMENT NO. 072003 DATED FEBRUARY 9, 2004's Witnesses:**

1.     Lilia Belkova

       c/o Adam I. Skolnik, Esq.
       Law Office of Adam I. Skolnik, P.A.
       1761 West Hillsboro Boulevard, Suite 201
       Deerfield Beach, Florida 33442

2.    Anisa Nazarova
       c/o Adam I. Skolnik, Esq.
       Law Office of Adam I. Skolnik, P.A.
       1761 West Hillsboro Boulevard, Suite 201
       Deerfield Beach, Florida 33442

3.    Any and all witnesses identified and disclosed by Plaintiff or Defendant Deer Run.

4.    Any and all witnessed that are required for rebuttal.

**11. Estimated Trial Time:**

1-2 days.

**12. An Estimate of Each Party as to Maximum Amount of Attorney's Fees Properly Allowable:**

- Pursuant to the terms of the PNC Mortgage, the amount of attorney's fees to which PNC is entitled is not capped or limited.

DATED this 21st day of December, 2021.

*/s/ William L. Grimsley*
Kimberly Held Israel
Florida Bar No. 47287
William L. Grimsley
Florida Bar No. 84226
10407 Centurion Parkway North, Ste. 200
Jacksonville, FL 32256
Phone: (904) 224-4449
Primary E-mails: kisrael@mcglinchey.com
wgrimsley@mcglinchey.com
Secondary: cgipson@mcglinchey.com
*Counsel for Plaintiff, PNC BANK, N.A.*

*/s/ Steven R. Braten*
Steven R. Braten, Esq.
Florida Bar No. 18074
250 S. Australian Avenue, 5th Floor
West Palm Beach, FL 33401
Telephone: (561) 653-2900
SBraten@rosenbaumpllc.com
*Counsel for Defendant DEER RUN PROPERTY OWNERS' ASSOCIATION, INC.*

*/s/ Adam I. Skolnik*
Adam I. Skolnik, Esq.
Florida Bar No. 728081
1761 West Hillsboro Boulevard, Suite 201

Deerfield Beach, Florida 33442
Telephone: 561-265-1120
askolnik@skolniklawpa.com
Counsel for *Defendants, LILIA BELKOVA, INDIVIDUALLY, AND LILIA BELKOVA, AS SUCCESSOR TRUSTEE OF THE LAND TRUST AGREEMENT NO. 072003 DATED FEBRUARY 9, 2004*

## CERTIFICATE OF SERVICE

I hereby certify that in accordance with this Court's electronic filing procedures, this document has been electronically filed this 21st day of December, 2021. A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to e-mail notification and electronic service. This document is available for viewing and downloading from the Court's ECF system.

**VIA CM/ECF**

**Steven R. Braten, Esq.**
SBraten@rosenbaumpllc.com
*Counsel for Defendant, DEER RUN PROPERTY OWNERS ASSOCIATION, INC.*

**Adam I. Skolnik, Esq.**, askolnik@skolniklawpa.com
Counsel for *Defendants, LILIA BELKOVA, INDIVIDUALLY, AND LILIA BELKOVA, AS SUCCESSOR TRUSTEE OF THE LAND TRUST AGREEMENT NO. 072003 DATED FEBRUARY 9, 2004*

                                 */s/ William L. Grimsley*
                                 ATTORNEY