UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:21-CV-80758-DMM

PNC BANK, NATIONAL ASSOCIATION,
SUCCESSOR BY MERGER TO NATIONAL
CITY BANK, SUCCESSOR BY MERGER
TO FIDELITY FEDERAL BANK & TRUST,

    *Plaintiff,*

v.

LILIA BELKOVA A/K/A LILIA BELKOVA
RUSSO, individually; LILIA BELKOVA, AS
SUCCESSOR TRUSTEE OF THE LAND
TRUST AGREEMENT NO. 072003 DATED
FEBRUARY 9, 2004; *et. al.*,

    *Defendants*,
_____/

### DEFENDANT LILIA BELKOVA'S RESPONSE TO
### PLAINTIFF'S AMENDED MOTION FOR FINAL SUMMARY JUDGMENT AND
### INCORPORATED MEMORANDUM OF LAW

    Defendant LILIA BELKOVA, individually ("Belkova") and as representative of the Land Trust Agreement No. 072003 Dated February 9, 2004 ("Trust"), by and through undersigned counsel, Respond to Plaintiff's Amended Motion for Final Summary Judgment and Incorporated Memorandum of Law filed by PNC Bank, National Association, as successor by merger to National City Bank, successor by merger to Fidelity Bank & Trust [D.E. 71] ("Plaintiff", and states as follows:

    1.    As what appears to be a matter of first impression, the subject property in the instant matter was to be titled from inception in a Florida Land Trust – however what resulted was a failed and ultimately a nonexistent land trust that was ineffective and void for failing to comply with the Florida Land Trust Act, §689.71, *et. seq.*

2.     The Plaintiff in the instant action wishes the Court to simply disregard the requirements under Florida Statute that has ultimately resulted in Belkova and Trust being the incorrect parties to this action.

3.     Despite any legal statements by the Defendants, in any capacity, from the outset, the intent of non-parties, in 2004 James Sobosienski, Joseph Hanratty and Anisa Nazarova ("Nazarova") was always to create a land trust to vest title for the benefit of Nazarova, who was the financier of the acquisition of the subject property and the intended owner of the entire beneficial interest.

4.     The non-parties attempted to create a Florida Land Trust, based on the Florida Land Trust Act that is modeled after the Illinois Land Trust Act.  However, no valid land trust was created, therefore all subsequent conveyances and assignments by the nonexistent land trust were ineffective and void for failing to comply with the Florida Land Trust Act.

5.     Any transfer under an Illinois land trust must be in writing. A trustee agrees to deal with the res of the trust only upon written direction of the beneficiaries. The trustee is not required to inquire into the propriety of any direction received from the authorized persons. *Brigham v. Brigham*, 11 So. 3d 374, 376 (Fla. 3d DCA 2009).

6.     For the recorded instrument to create a Florida Land Trust, the deed must state the following pursuant to Fla. Stat. §689.071(1) (2004):

> (1) Every conveyance, deed, mortgage, lease assignment, or other instrument heretofore or hereafter made, hereinafter referred to as "the recorded instrument," transferring any interest in real property in this state, . . . is designated "trustee," or "as trustee," without therein naming the beneficiaries of such trust, whether or not reference is made in the recorded instrument to any separate collateral unrecorded declarations or agreements is effective to vest, and is hereby declared to have vested, in such trustee full rights of ownership over the real property or interest therein, with full power and authority as granted and provided in the recorded instrument to deal in and with the property or interest therein or any part thereof;

provided, the recorded instrument confers on the trustee the power and authority either to protect, conserve and to sell, or to lease, or to encumber, or otherwise to manage and dispose of the real property described in the recorded instrument.

7. The Deed from inception in the instant matter failed to contain the required language, and therefore failed to create a Florida Land Trust. *Id.*

8. Even had a valid Florida Land Trust been created, by definition the Trustee of such a Trust could only act at the written direction of the beneficiary (Nazarova). None of this ever occurred, therefore either there was no Land Trust or there was no authority for the Trustee to act, despite the legal positions that Belkova may have taken during her bankruptcy cases.

9. Accordingly, each and every subsequent transfer or assignment of the property failed because of the defects and failure to establish a proper land trust.

## CONCLUSION

Based on the foregoing, Defendants respectfully requests that the Plaintiff's Amended Motion for Summary Judgment be denied in its entirety. There are disputed issues of material fact that should be resolved only by a trier of fact.

Dated: December 21, 2021          Respectfully submitted,

LAW OFFICE OF ADAM I. SKOLNIK, P.A.

/s/ *Adam I. Skolnik*
ADAM I. SKOLNIK
FLORIDA BAR NO. 728081
ATTORNEY FOR LILIA BELKOVA, individually and as representative of THE LAND TRUST AGREEMENT NO. 072003 DATED FEBRUARY 9, 2004
1761 WEST HILLSBORO BOULEVARD, SUITE 201
DEERFIELD BEACH, FLORIDA 33442
TELEPHONE:   561.265.1120
FACSIMILE:   561.265.1828
ASKOLNIK@SKOLNIKLAWPA.COM

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 21, 2021, the foregoing document was filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

                                           /s/ *Adam I. Skolnik*
                                         ADAM I. SKOLNIK

**VIA CM/ECF**

**Kimberly Israel, Esq.**, kisrael@mcglinchey.com
William L. Grimsley, Esq., wgrimsley@mcglinchey.com
Counsel for *Plaintiff, PNC Bank, N.A.*

**Steven R. Braten, Esq.**
SBraten@rosenbaumpllc.com
*Counsel for Defendant, Deer Run Property Owners Association, Inc.*