**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO NATIONAL CITY BANK, SUCCESSOR BY MERGER TO FIDELITY FEDERAL BANK & TRUST, | CASE NO: 9:21-cv-80758-DMM |
| Plaintiff, | |
| vs. | |
| LILIA BELKOVA A/K/A LILIA BELKOVA RUSSO, individually; LILIA BELKOVA, AS SUCCESSOR TRUSTEE OF THE LAND TRUST AGREEMENT NO. 072003 DATED FEBRUARY 9, 2004; DEER RUN PROPERTY OWNERS ASSOCIATION, INC.; ENTERPRISE FUNDING SOLUTIONS LLC, | |
| Defendants. _____/ | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO NON-PARTY NICHOLAS ARSALI'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF REDEMPTION AND MOTION FOR CLARIFICATION**

COMES NOW Plaintiff, PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO NATIONAL CITY BANK, SUCCESSOR BY MERGER TO FIDELITY FEDERAL BANK & TRUST ("Plaintiff" or "PNC"), by and through its undersigned counsel, and pursuant to Local Rule 7.1(c)(1) of the United States District Court for the Southern District of Florida (the "Local Rule(s)"), and this Court's Order Requiring Expedited Response (D.E. 107), hereby files its response in opposition to Non-Party, Nicholas Arsali's, Motion to Intervene for the Limited Purpose of Redemption and Motion for Clarification (D.E. 106), and states as follows in support hereof:

1111287.2

1. On January 20, 2022, Nicholas Arsali ("Arsali") filed the Motion to Intervene for the Limited Purpose of Redemption and Motion for Clarification (the "Motion") (D.E. 106).

2. On January 21, 2022, the Court entered an Order Requiring Expedited Response to the Motion (the "Order"), wherein the Court directed PNC to file a response to the Motion by or before January 26, 2022, and specifically state whether it objects to Mr. Arsali's attempt to exercise the right of redemption to pay off the mortgage amount and, if so, on what grounds. (D.E. 107).

3. On January 26, 2022, PNC timely filed its Motion to Tax Costs (D.E. 108, 109), and corresponding Bill of Costs, in which PNC respectfully requests the Court award PNC its taxable costs under Rule 54(d)(1) as the prevailing party in the case.

4. On January 26, 2022, PNC also filed a Motion to Alter or Amend Final Judgment, or in the Alternative, Motion for Relief from Final Judgment (D.E. 110; the "Motion to Amend Final Judgment"), in which PNC respectfully requests the Court amend or correct the Final Judgment to require that PNC be paid the total amount awarded in an Amended Final Judgment to prevent a foreclosure sale of the Property, including the original attorney's fees awarded by the Court in the original Final Judgment as well as additional attorneys' fees and taxable costs awarded to PNC subsequent to the Final Judgment.

5. Against this backdrop, and in accordance with the Court's Order, PNC responds to the Motion below.

**I.   PNC's Basis for Opposition to Arsali's Motion.**

In the Motion, Arsali seeks to intervene in this foreclosure action for the limited purpose of redeeming the Property. Generally, PNC does not dispute that Arsali is entitled to exercise the right of redemption under Fla. Stat. §45.0315 as the current holder of a subordinate interest to PNC's first priority interest. However, there are three fundamental problems with the relief that

Arsali seeks: (i) Arsali must pay the total amount awarded to PNC, including the reasonable attorneys' fees awarded, in order to redeem the Property and prevent a foreclosure sale of the Property; (ii) Arsali does not need to intervene in order to exercise the statutory right of redemption; and (iii) Arsali is not entitled to intervene in this foreclosure action, as this Court has already determined, and cannot contest any matter at issue in this case.

As discussed below, to the extent Arsali wishes to exercise his right of redemption under Fla. Stat. §45.0315 as the holder of a subordinate interest to that of PNC, he may do so by paying the total amount awarded to PNC in the Final Judgment, but if an Amended Final Judgment is awarded that increases the total amount awarded to PNC, Arsali must pay the total amount set forth in the Amended Final Judgment.

**A.   Arsali must pay the total amount awarded to PNC, including the reasonable attorneys' fees awarded, in order to redeem the Property and prevent a foreclosure sale of the Property.**

PNC has filed its Motion to Amend Final Judgment, along with the Exhibits thereto (D.E. 110), all of which PNC incorporates by reference as though fully set forth herein. Put simply, and as set forth in the Motion to Amend Final Judgment, Florida law requires that unless PNC is paid the total amount awarded in the Final Judgment, including the additional attorney's fees and taxable costs sought in the Motion to Amend Final Judgment and the Motion to Tax Costs, the Property should be sold at a foreclosure sale. Therefore, to the extent Arsali wishes to exercise his right of redemption under Fla. Stat. §45.0315 as the holder of a subordinate interest, he must pay the total amount awarded to PNC in an Amended Final Judgment. *See, e.g.*, *LNV Corp. v. Maib*, 09-14239-CIV, *Summary Final Judgment of Foreclosure Including Award of Attorney's Fees and Costs*, D.E. 70, at 1-4 (S.D. Fla. Oct. 5, 2010).

> **B.     Arsali does not need to intervene in order to exercise the right of redemption under Fla. Stat. §45.0315.**

Arsali seeks to intervene in this foreclosure action for the limited purpose of redeeming the Property, but he does not need to intervene in this case to exercise that right. As the plain language of Fla. Stat. §45.0315 provides, "the mortgagor *or the holder of any subordinate interest* may" exercise the right of redemption. (Emphasis added). The statute does not require that a subordinate interest be a "party" to the foreclosure action, nor does it require that a non-party with a subordinate interest intervene in the foreclosure action to exercise the right of redemption.

Indeed, Florida law does not require permission of the Court in order to exercise the right of redemption, so intervention by Arsali is completely unnecessary. *See Popescu v. Laguna Master Ass'n, Inc.*, 184 So. 3d 1196, 1200 (Fla. 4th DCA 2016) ("The right of redemption does not require court approval prior to exercising it, and the right continues until it has been waived or extinguished.") (collecting cases). Florida law also does not require that notice be given to the Court or the clerk of court prior to the exercise of the right of redemption. *See id.* ("We are aware of no statutory or case law authority requiring notice of the exercise of the right of redemption prior to the clerk of court conducting a foreclosure sale."). Rather, in order to exercise the right of redemption, the mortgagor or the holder of a subordinate interest "should pay the amount due by tendering it to the mortgagee or to the clerk of court." *Id.* (quoting *Indian River Farms v. YBF Partners*, 777 So. 2d 1096, 1099 (Fla. 4th DCA 2001)). Therefore, to the extent Arsali wishes to exercise his right of redemption under Fla. Stat. §45.0315 as the holder of a subordinate interest to that of PNC, he must pay PNC or the clerk of court the total amount awarded in the Final Judgment (or the total amount awarded in an Amended Final Judgment); he does not need to intervene in the case to do so.

### C. Arsali is not entitled to intervene in this foreclosure action or contest issues herein.

Arsali previously filed his Amended Motion to Intervene (D.E. 77). PNC filed its Response in Opposition to the Amended Motion to Intervene, along with the Exhibits thereto (D.E. 78), all of which PNC incorporates by reference as though fully set forth herein. The Court denied the Amended Motion to Intervene (D.E. 86), in which it expressly found that Arsali does not have a legally cognizable interest in the Property, even though he now holds legal title to the Property, and therefore he is not entitled to intervene in this foreclosure action. The Court has already decided the issue of Arsali's right to intervene in this case, and Arsali has the right to appeal that Order as he has already done.[1] (D.E. 103).

The desire of Arsali to exercise his right of redemption after entry of the Final Judgment does not change his right to intervene. Indeed, Florida law takes an even stronger stance against intervention after a final judgment has been entered. The general rule "universally" in Florida is that intervention may not be allowed after entry of a final judgment, except under very narrow circumstances not present here. *See De Sousa v. JP Morgan Chase, N.A.*, 170 So. 3d 928, 930 (Fla. 4th DCA 2015) (following the universal rule against permitting post-judgment intervention and recognizing the reluctance of Florida courts to extend the narrow exception to that rule).

---

[1] Although Arsali has the right to appeal the Order denying the Amended Motion to Intervene, under Florida law, he does not have standing to appeal any other rulings of the Court to date in this case, including but not limited to the Final Judgment, because he is not a party to this case. *See State v. Fla. State Imp. Comm'n*, 75 So. 2d 1, 6 (Fla. 1954) ("As they were not parties to the cause, they had no right or authority to prosecute an appeal and have no standing in this Court."); *YHT & Associates, Inc. v. Nationstar Mortg. LLC*, 177 So. 3d 641, 642 (Fla. 2d DCA 2015) (dismissing an appeal and finding a non-party lacked standing to appeal a final judgment where the non-party did not intervene in the case); *Market Tampa Investments, LLC v. Stobaugh*, 177 So. 3d 31 (Fla. 2d DCA 2015) (dismissing the appeal in part due to Market Tampa's lack of standing to challenge the final judgment because it was not a party to that action, and affirming in part the lower court's denial of Market Tampa's motion to intervene).

1111287.2

As is apparent from Arsali's Motion, he intends to contest the issue of the attorneys' fees awarded to PNC, which he is not permitted to do under Florida law, notwithstanding that he is the current title holder of the Property. *See, e.g.*, *PNC Bank, Nat'l Ass'n v. MDTR, LLC*, 243 So. 3d 456, 458 (Fla. 5th DCA 2018) (finding that a "purchaser of property subject to foreclosure proceedings where the bank has already filed a lis pendens" was "not even entitled to intervene or be substituted in the proceedings"). Allowing Arsali to intervene and contest any issue in this case will only lead to unnecessary, protracted, and costly litigation that is not supported by Florida law. Therefore, to the extent Arsali wishes to exercise his right of redemption under Fla. Stat. §45.0315 as the holder of a subordinate interest to that of PNC, he may do so, but he is not entitled to intervene in this case and contest matters herein, including but not limited to factual findings that the Court has already made.

## II.  PNC's Responses to the Points of Clarification in the Order.

In the Order, the Court framed the three points of clarification sought by Arsali in the Motion as follows:

(1) how to tender the mortgage payment due under the Final Judgment;

(2) whether the payment will stop the foreclosure sale; and

(3) that, upon the mortgage payment, the only outstanding issue for appeal is attorneys' fees.

In accordance with Florida law, and as set forth above, PNC responds to those three points of clarification as follows:

(1) Arsali must pay PNC or the clerk of court the total amount awarded to PNC, including the reasonable attorneys' fees awarded, although PNC has filed its Motion to Amend Final Judgment and Motion to Tax Costs, each of which may affect the total amount awarded to PNC;

(2) If Arsali does not pay PNC or the clerk of court the total amount awarded to PNC, including the reasonable attorneys' fees and taxable costs awarded, PNC is entitled to a foreclosure sale of the Property.

1111287.2

6

(3) Upon payment to PNC or the clerk of court of the total amount awarded to PNC, including the reasonable attorneys' fees and taxable costs awarded, there are no open issues to be resolved by the Court, as Arsali is not entitled to contest (or appeal) the attorneys' fees awarded to PNC.

In sum, to the extent Arsali wishes to exercise his right of redemption under Fla. Stat. §45.0315 as the holder of a subordinate interest to that of PNC, he may do so by paying the total amount awarded to PNC in the Final Judgment, but if an Amended Final Judgment is awarded that increases the total amount awarded to PNC, Arsali must pay the total amount set forth in the Amended Final Judgment.

WHEREFORE, Plaintiff, PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO NATIONAL CITY BANK, SUCCESSOR BY MERGER TO FIDELITY FEDERAL BANK & TRUST, respectfully requests that the Court enter an Order denying Non-Party, Nicholas Arsali's, Motion to Intervene for the Limited Purpose of Redemption and Motion for Clarification (D.E. 106), and granting such further relief as this Court deems just and proper.

This 26th day of January, 2022.

    **McGLINCHEY STAFFORD**

*/s/ William L. Grimsley*
Kimberly Held Israel
Florida Bar No. 47287
William L. Grimsley
Florida Bar No. 84226
10407 Centurion Parkway North, Ste. 200
Jacksonville, FL 32256
Phone: (904) 224-4449
Primary E-mails: kisrael@mcglinchey.com
wgrimsley@mcglinchey.com
Secondary: cgipson@mcglinchey.com
***Attorneys for Plaintiff, PNC BANK, N.A.***

**CERTIFICATE OF SERVICE**

I hereby certify that in accordance with this Court's electronic filing procedures, this document has been electronically filed. A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to e-mail notification and electronic service, and further served as indicated below. This document is available for viewing and downloading from the Court's ECF system.

**VIA CM/ECF**

**Steven R. Braten, Esq.**
SBraten@rosenbaumpllc.com
*Counsel for Defendant, DEER RUN PROPERTY OWNERS ASSOCIATION, INC.*

**Adam I. Skolnik, Esq.**, askolnik@skolniklawpa.com
Counsel for *Defendants, LILIA BELKOVA, INDIVIDUALLY, AND LILIA BELKOVA, AS SUCCESSOR TRUSTEE OF THE LAND TRUST AGREEMENT NO. 072003 DATED FEBRUARY 9, 2004*

**VIA E-MAIL**

**Nicholas Arsali, pro se**
119 N. Swinton Avenue.
Delray Beach, FL 33444
Telephone: (561) 740-1320
Email: narsali@bellsouth.net

                                             ____*/s/ William L. Grimsley* _____
                                             **Attorney**